```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

ANTHONY WRIGHT, FOR AND ON
BEHALF OF HIS WIFE, STACEY
DENISE SCOTT WRIGHT, DECEASED,
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES                                      PLAINTIFF


VS.                              CIVIL ACTION NO. 3:12CV514TSL-MTP


UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, JANET
NAPOLITANO, RUBEN ORLANDO
BENITEZ AND LANDMARK OF
D'IBERVILLE, LLC                                         DEFENDANTS


                   MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of defendants United States of America, the United States Department of Homeland Security and Janet Napolitano, to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted.  Plaintiff Anthony Wright has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes the Government's motion is well taken and should be granted.

     On September 17, 2011, Stacey Denise Scott Wright, an employee of the Transportation Security Administration (TSA), an

agency of the U.S. Department of Homeland Security, was stabbed to death at her apartment in D'Iberville, Mississippi. Her supervisor at TSA, defendant Ruben Orlando Benitez, has been arrested and indicted for her murder. Following Mrs. Wright's death, her husband, plaintiff Anthony Wright, discovered that his wife had been having an affair with Benitez.

After filing a Notice of Claim for wrongful death with the TSA, which was denied, and also purporting to file a complaint of sex discrimination on behalf of Stacey Wright with the TSA's EEO office, Mr. Wright, for and on behalf of Stacey Wright, deceased, and on behalf of all wrongful death beneficiaries, filed the present action on July 23, 2012 against the Government and Benitez, purporting to assert the following claims: (1) on behalf of Mrs. Wright, a claim for sexual harassment; (2) by Mr. Wright, individually, a claim for alienation of affection; (3) on behalf of Mrs. Wright and all wrongful death beneficiaries, claims for wrongful death; and (5) on behalf of Mrs. Wright, claims for negligence and assault and battery. The Government has now moved to dismiss each of these claims for one or more reasons, which the court now considers.

"[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees." Jackson v. Widnall, 99 F.3d 710, 716 (5th Cir. 1996) (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 835, 96 S. Ct. 1961, 48 L. Ed. 2d 402

(1976)).  Thus, the charge of sex discrimination/harassment set forth in the complaint herein is necessarily brought under Title VII.  In its motion, the Government argues that as a matter of law, this court lacks jurisdiction over plaintiff's Title VII claim for sex discrimination/harassment on behalf of Stacey Wright since exhaustion of administrative remedies under Title VII is a jurisdictional prerequisite to suit, and Stacey Wright did not pursue administrative remedies under Title VII prior to her death. The Government further argues that even if a Title VII cause of action initiated by an employee prior to her death survives her death and may be pursued by her representative after her death, there is no authority that would allow an employee's representative to *initiate* a Title VII cause of action posthumously, where the employee took no steps to initiate a claim prior to her death.  Finally, the Government argues that even if Anthony Wright did have standing to bring a Title VII claim on behalf of his deceased wife, the court lacks jurisdiction over such claim because he failed to timely pursue administrative remedies.

    Prior to seeking judicial relief under Title VII relating to federal sector employment, an "aggrieved person" must exhaust her administrative remedies by filing a charge of discrimination with the EEO division of her agency.  <u>Pacheco v. Mineta</u>, 448 F.3d 783, 788 (5th Cir. 2006).  Federal regulations require that an

aggrieved person who believes that she has been discriminated against to consult an EEO counselor within forty-five days of the date of the alleged discriminatory personnel action in order to attempt to informally resolve the matter.  29 C.F.R. § 1614.105(a)(1); Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).  Plaintiff acknowledges this, but contends that the forty-five day time limit, although generally applicable to federal employees, does not apply to his wife's claim for two reasons: first, the harassment continued up to the point of her death, and her death rendered her incapable of initiating a complaint; and second, the forty-five day time limit applies to federal employees and upon her death, Stacey Wright ceased to be a federal employee.

In fact, the requirement of exhaustion applies not just to federal employees but to "[a]ggrieved persons who believe they have been discriminated against" in the context of federal sector employment.  The administrative exhaustion requirement applies if the Title VII claims arise out of federal employment, regardless of whether the claimant ever was or remains a federal employee.  See, e.g., Pacheco v. Rice, 966 F.2d 904, 906 (5th Cir. 1992) (affirming dismissal of wrongful termination Title VII case for failure to timely initiate EEO contact); Rafi v. Sebelius, 377 Fed. Appx. 24, 25, 2010 WL 2162053, 1 (D.C. Cir. 2010) (affirming dismissal of failure to hire discrimination claims on ground that plaintiff did not contact EEO counselor until long after forty-

4

five-day deadline).  Plaintiff's argument on the latter point is thus rejected.

Of course, plaintiff is correct that Mrs. Wright's death did prevent her from initiating contact with TSA's EEO counselor relating to alleged discrimination which occurred in the forty-five days on and preceding her death.  Nevertheless, the Government submits that the survivor of a deceased federal employee has no standing to initiate an EEO complaint on behalf of that former employee, and that since Mrs. Wright never raised any EEO issues prior to her death, they cannot be initiated by her husband after her death.  The numerous courts that have considered whether a Title VII cause of action survives the death of the employee have consistently held that a Title VII cause of action that has been commenced prior to the employee's death survives the employee's death.  See, e.g., Slade for Estate of Slade v. U.S. Postal Serv., 952 F.2d 357, 360 (10th Cir. 1991) (holding that pending Title VII claim survived the plaintiff's death and substituting the plaintiff's wife as plaintiff); Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 876 (11th Cir. 1986) (holding that a pending action under Title VII survives under both federal common law and state law and that husband was properly substituted as plaintiff for his deceased wife) (citing James v. Home Constr. Co. of Mobile, 621 F.2d 727, 729-30 (5th Cir. 1980)); Bligh-Glover v. Rizzo, No. 1:08CV2788, 2012 WL 4506029, 1 (N.D. Ohio Sept. 30,

2012) (finding that plaintiff's pending Title VII cause of action survived his death); Estate of Trivanovich v. Gulfport-Biloxi Regional Airport Auth., Civil Action No. 1:06CV539-LG-JMR, 2008 WL 2779441, 2 (S.D. Miss. July 14, 2008) (finding that pending Title VII claim survived under either state or federal law and noting that Estate was substituted as plaintiff).

Likewise, the few courts to have considered the issue have held that a Title VII cause of action survives the employee's death and may be brought by the personal representative of the employee's estate where the employee died after initiating an administrative complaint for discrimination. See, e.g., Weeg ex rel. Weeg v. Ortiz and Associates, Inc., 556 F. Supp. 2d 1188 (D. Or. 2008) (finding that court had jurisdiction over Title VII cause of action where employee died after filing EEOC charge but before suit and employee's estate completed exhaustion of administrative remedies begun by employee); Estwick v. U.S. Air Shuttle, 950 F. Supp. 493, 498-99 (E.D.N.Y. 1996) (finding that Title VII actions survived and wife had standing to file Title VII action after her husband died prior to EEOC's finding on husband's charge of discrimination); Pueschel v. Veneman, 185 F. Supp. 2d 566, 571-572 (D. Md. 2002) (holding that Title VII claim pressed by personal representative of deceased former employee may be adjudicated if employee effectively exhausted her administrative

remedies and neither party is unfairly prejudiced by employee's death).

However, the court has found no case recognizing the authority of a deceased employee's representative to initiate an administrative complaint on behalf of the deceased employee. In Pueschel, the court did not decide the issue but acknowledged that the EEOC has ruled that "the survivor of a deceased federal employee has no standing to file an EEO complaint on behalf of the former employee. While a complaint initiated by a federal employee may survive her death, the estate of that employee has no right to file a complaint."[1] Id. at 571. See Barnes v. United States Postal Serv., 1992 WL 1372734 (E.E.O.C. Oct. 30, 1992) (acknowledging certain instances where a federal employee's EEO complaint may survive his death, but finding it did not apply to complaints initiated by the employee's widow and not by the employee himself); Estate of Yao Hu v. Marvin T. Runyon, Jr., Postmaster General, United States Postal Agency, 1996 WL 657792 (E.E.O.C. Nov. 6, 1996) (holding that widow could not file

---

[1] In Pueschel v. Veneman, the former employee's daughter made an informal complaint on her mother's behalf more than 45 days after her mother's death. The court found it was "plain that no judicial action for unlawful discrimination may be predicated on an act or omission encompassed only by [the daughter's untimely] contact with the agency, even if such contact by an 'agent' of an employee is otherwise sufficient under Title VII." 185 F. Supp. 2d 566 (D. Md. 2002).

7

discrimination claim on behalf of deceased husband where employee died before initiating complaint); Estate of Donnie Powell v. Steven R. Cohen, Acting Director, Office of Personnel Mrmt., 2001 WL 135460 (E.E.O.C. Feb. 6, 2001) (stating, "While we recognize that a federal employee's EEO complaint survives the death of the complainant in certain instances, the complaint in this case was not initiated by the aggrieved employee but by his estate. Accordingly, the agency employee's spouse, as his representative, does not have standing to initiate the EEO process on behalf of her deceased husband."); Estate of Paul Anderson v. John E. Potter, Postmaster General, United States Postal Service, Agency, 2003 WL 22288515 (E.E.O.C. Sept. 23, 2003) (same).

The Government maintains there is no statutory, regulatory or judicial authority to support a conclusion that Mr. Wright had standing to initiate the EEO process on behalf of Stacey Wright and that his putative Title VII claim must be dismissed.  For his part, plaintiff merely asserts that "Mrs. Wright's claims of discrimination cannot be allowed to die with her."  Essentially, he takes the position that it would be inequitable to find he lacks standing since the result otherwise would be to "reward[] the retaliatory conduct of Ruben Benitez and leave the wrongful acts of discrimination unchecked."  Yet plaintiff has not alleged a claim of retaliation, and he states in his memorandum that he "has not alleged that the murder of Stacey Wright was the basis of

the claim of Sexual Harassment." Further, according to the allegations of the complaint, the alleged sexual harassment of Stacey Wright by Ruben Benitez started in 2010 and continued up to the time of her death, and yet Mrs. Wright never initiated an EEO process to complain of any harassment. A *prima facie* case of sexual harassment requires proof that the employee was subject to *unwelcome* sexual harassment. See <u>Stewart v. Mississippi Transp. Com'n</u>, 586 F.3d 321, 330 (5th Cir. 2009). Mrs. Wright is the only person who could have said whether Benitez's sexual advances were unwelcome; but she made no claim that she felt she was the victim of actionable sexual harassment at any time prior to her death. In the court's opinion, her husband lacked standing to assert such claim following her death.[2]

The court is further of the opinion, though, that even if Mr. Wright had standing to initiate the EEO process and to prosecute the Title VII claim herein, the claim would still be subject to dismissal since he failed to timely initiate an EEO complaint. The record reflects that plaintiff first attempted to initiate an administrative complaint on December 20, 2011, ninety-four days after his wife's death. In his response to defendant's motion, plaintiff declares that "[t]he 45-day time limit is not a hard-and-fast rule and can be extended for a reasonable period of time

---

[2] The court would note, too, as does the Government, that plaintiff's allegation in support of his alienation of affection claim that "Stacey was induced to abandon her husband" would seem to contradict plaintiff's suggestion that Mrs. Wright considered Benitez's advances unwelcome.

9

due to equitable considerations." Indeed, the governing regulations contain a tolling provision, which, in pertinent part, provides that the agency

> shall extend the 45-day time limit ... when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). Moreover, the Fifth Circuit has held that the time for pursuing administrative remedies may be extended based on principles of equitable tolling, though it has cautioned that "[e]quitable tolling applies only in 'rare and exceptional circumstances[,]'" Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)), and is to be applied 'sparingly.'" Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011) (quoting National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)). The Fifth Circuit has described at least three bases for equitable tolling, as follows: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." Id. (citing Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam)). However, the

10

burden is on the plaintiff to demonstrate justification for equitable tolling, and plaintiff has clearly not sustained that burden in this case. He merely declares that equitable tolling principles apply; but he offers no facts to support application of these principles. Accordingly, plaintiff's Title VII claim will be dismissed.

Turning to plaintiff's tort claims, the United States has sovereign immunity from suit unless it has specifically waived that immunity. Jeanmarie v. U.S., 242 F.3d 600, 602 (5th Cir. 2001). The FTCA provides for a waiver of the United States' immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ...." 28 U.S.C. § 2679(b)(1). An action cannot be brought against the United States for the negligent or wrongful act or omission of one of its employees "unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); Life Partners Inc. v. U.S., 650 F.3d 1026, 1029 (5th Cir. 2011). That requirement is a jurisdictional prerequisite to suit under the FTCA. Id. at 1030.

The Government has moved to dismiss plaintiff's claims for alienation of affection on the basis that plaintiff failed to file an administrative tort claim encompassing this tort. The record in this cause reflects that on January 18, 2012, plaintiff

11

submitted a Standard Form 95 as his administrative tort claim under the FTCA in which he wrote the following, and nothing more:

> This is a wrongful death claim. Stacey Wright's death was caused by the wrongful acts of Ruben Orlando Benitez. Mr. Benitez was employed as the Assistant Federal Security Director, Screening for TSA at the Jackson-Evers International Airport at the time he committed the acts. Mr. Benitez was acting within the course and scope of his employment with TSA at the time he committed the acts. The acts occurred on September 17, 2011 at 11059 Lamey Bridge Road, Apt. 1023, D'Iberville, Mississippi 39540.
> Please see Exhibit "A" for additional information.
>
> Exhibit "A"
>
> Pursuant to 28 C.F.R.§ 14.4(a), the Claimant, Anthony Wright on behalf of Stacey Denise Scott Wright, submits the following additional evidence and information:
>
> (1) Stacey Wright died at approximately 10:00 p.m. on September 17, 2011. A copy of Mrs. Wright's Death Certificate is attached.
>
> (2) At the time of her death, Stacey Wright was a Security Supervisor for TSA at the Gulfport-Biloxi International Airport. She previously worked for TSA at the Jackson-Evers International Airport. She was employed by TSA for nine (9) years and ten (10) days. She earned approximately $52,000 to $56,000 per year.
>
> (3) At the time of her death, Stacey Wright was married to Anthony Wright. Mr. Wright was born on July 16, 1963. Mr. Wright lives at 6324 Woodstock Drive, Jackson, Mississippi 39206.
>
> Stacey and Anthony Wright had two children together. Anthony Wright, Jr., was born on August 17, 1984. Bria Wright was born on June 27, 1994. Neither child is married. Both children live with Mr. Wright at 6324 Woodstock Drive, Jackson, Mississippi 39206.
>
> (4) Stacey and Anthony Wright were responsible for the children's support.
>
> (5) Stacey Wright was in good mental and physical health at the time of her death.

> (6) There were costs associated with Stacey Wright's funeral and burial. A copy of said expenses are attached.

The Fifth Circuit has held that to fulfill the FTCA's notice requirement, "an FTCA claimant must provide the agency with 'facts sufficient to allow his claim to be investigated.'" Life Partners, 650 F.3d at 1030 (quoting Cook v. United States, 978 F.2d 164, 166 (5th Cir. 1992).

> [The] court has not required plaintiffs to specifically enumerate legal theories of recovery in their administrative claims." Frantz [v. United States, 29 F.3d 222, 224 (5th Cir. 1994)]. As long as "the Government's investigation of [the] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim." Rise v. United States, 630 F.2d 1068, 1071 (5th Cir. 1980).

Id. However, the court has explained that "[e]ven though the requirements of the FTCA are minimal, an FTCA claimant must nonetheless provide facts sufficient to allow his claim to be investigated and must do so in a timely manner." Cook v. U.S. on Behalf of U.S. Dept. of Labor, 978 F.3d 164, 166 (5th Cir. 1992).

The only claim plaintiff asserted in his administrative tort claim was for "wrongful death" and the only facts provided were that Stacey Wright was an employee of TSA and her death was caused by the wrongful acts of Benitez, Assistant Federal Security Director, Screening for TSA. Under Mississippi law, the tort of alienation of affection lies "where a husband is wrongfully deprived of his rights to the 'services and companionship and consortium of his wife,' he has a cause of action 'against the one

13

who has interfered with his domestic relations.'" Camp v. Roberts, 462 So. 2d 726, 727 (Miss. 1985) (citation omitted); see also Thomas v. Skrip, No. 3:11CV690TSL-MTP, 2012 WL 2912500, 2 (S.D. Miss. May 18, 2012) (setting forth elements of claim). The Government submits, and the court readily concurs, that nothing in plaintiff's administrative tort claim would reasonably lead anyone to conclude that a claim for alienation of affection was included or in any way put the United States on notice that the claims to be investigated as part of the administrative process included allegations of alienation of affection.

The Government argues that to the extent plaintiff may be attempting to assert a tort claim against the Government for sexual harassment of Stacey Wright and for negligent hiring, training and supervision of Benitez relative to workplace relationships and sexual harassment, such claims are preempted by Title VII, but even if not, such claims may not be prosecuted as a tort claim on account of plaintiff's failure to provide the required notice of claim prior to suit. The Government is correct on both points. First, it is well settled that Title VII provides the "exclusive pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. General Servs. Admin., 524 U.S. 820, 829, 96 S. Ct. 1961, 48 L. Ed. 2d 402 (1976). See also Hampton v. Internal Revenue Serv., 913 F.2d 180, 182-83 (5th Cir. 1990) (holding that a state tort claim by a federal employee was preempted by Title VII). In any

14

event, there is nothing in plaintiff's administrative tort claim remotely suggestive of any claim for or relating to sexual harassment or anything that would reasonably prompt an investigation of any such claims. Therefore, any putative tort claim for sexual harassment or for negligence in failing to prevent sexual harassment, even if otherwise cognizable under the FTCA, would be barred for failure to exhaust.

The Government next contends that plaintiff's causes of action for assault and battery, for wrongful death arising from assault and battery, and any claim for negligence which proximately resulted in assault and battery, fail as a matter of law, as the FTCA specially excludes all claims "arising out of assault, battery" and other specified intentional torts. See 28 U.S.C. § 2680(h) (providing that FTCA does not waive sovereign immunity for certain enumerated intentional torts, including "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" unless the government actor was an investigative or law enforcement officer). Plaintiff does not deny that his claims for assault and battery and wrongful death are barred. As regards his negligence claim, while he implicitly acknowledges that "claims that sound in negligence but stem from a battery [committed] by a Government employee" are excluded under the FTCA, plaintiff states that his negligence claim is not that the Government's negligence

in hiring, training and/or supervising Benitez proximately resulted in the assault and battery of his wife, but rather that the sexual harassment of his wife (as contrasted with the fatal assault or battery) proximately resulted from TSA's negligent hiring, training and supervision of Benitez.  However, he points out that in Sheridan v. United States, 487 U.S. 392, 108 S. Ct. 2449, 101 L. Ed. 2d 352 (1988), the Court stated that "the negligence of other Government employees who allowed a foreseeable assault and battery to occur may furnish a basis for Government liability that is entirely independent" of the employment status of the person committing the assault.  Id. at 401.  Plaintiff posits that discovery may reveal evidence that other TSA or Homeland Security personnel knew or should have known of Benitez's intention to harm Stacey Wright and yet failed to act to prevent such harm.  However, no such claim or factual support for any such claim is set forth, or even intimated, either in plaintiff's administrative tort claim or in his complaint in this cause.  A plaintiff cannot survive a motion to dismiss on the basis of allegations that do not appear in the complaint.  See Wilson v. Birnberg, 667 F.3d 591, 595 (5th Cir. 2012) ("We make all inferences in a manner favorable to the plaintiff, 'but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.'") (quoting City of Clinton v. Pilgrim's Pride Corp., 632 F.3d 148, 152–53 (5th Cir. 2010)).

In conclusion, based on all of the foregoing, it is ordered that the Government's motion to dismiss is granted.

SO ORDERED this 7th day of day of December, 2012.

<pre>
                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE
</pre>